**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JOHN E. SPARKS and CONNIE B. SPARKS**                              **PLAINTIFFS**

**V.**                                                              **CIVIL ACTION NO. 1:06CV401 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY;**
**and CARL F. NULTA**                                                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The Court has before it Plaintiffs John E. Sparks and Connie B. Sparks (the Sparkses) motion to remand.  For the reasons set out below, this motion will be granted.  The Court also has before it Defendant Carl F. Nulta's motion to dismiss.  Because I have determined that this Court does not have subject matter jurisdiction of this action, I will deny Defendant Nulta's motion without prejudice to his right to refile his motion upon remand.

This is an action for property damage sustained during Hurricane Katrina.  Plaintiffs are the named insureds under a policy of homeowners insurance issued by Defendant State Farm Fire and Casualty Company (State Farm).  This policy was sold to the plaintiffs by State Farm's local agent, Defendant Carl F. Nulta (Nulta).

The State Farm policy the plaintiffs purchased contains an exclusion for damage caused by water.  The insured property sustained substantial water damage during Hurricane Katrina.  State Farm denied coverage for these losses, relying on the flood exclusion in their policy.  The Sparkses' theory of recovery for these losses includes theories of fraud and negligent misrepresentation on the part of both Nulta and State Farm as his principal.  The plaintiffs allege that Defendant Nulta made a representation to them, at the time their policy was first purchased in 1989, that it would pay all damages sustained in a hurricane, including damage caused by flooding. (Complaint Paragraphs V and VI) Plaintiffs allege that they reasonably relied on this representation and, in light of the representation, decided not to purchase separate flood insurance coverage.

Both the Sparkses and Defendant Nulta are resident citizens of Mississippi.  If Defendant Nulta has been properly joined as a party defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

State Farm has removed this action on grounds of diversity of citizenship, alleging that the plaintiffs have fraudulently joined Nulta in order to defeat diversity jurisdiction.  This is an issue on which State Farm has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

The Sparkses have alleged: "That at the time the Plaintiffs first obtained said insurance from the Defendant, Plaintiffs asked the Defendant and/or the Defendant's representatives whether an additional policy for flood coverage would be necessary and were informed by the Defendant that if a hurricane did sufficient damage to cause the loss of Plaintiffs' home or any damage thereto, including by flooding, that the Homeowners Policy being sold by Defendants to the Plaintiffs would be sufficient to protect the Plaintiffs' home and would, in fact, pay all claims." (Complaint Paragraph VI) Plaintiffs allege that this information was inaccurate and that in making it Nulta acted either with gross negligence or the intent to mislead them. (Complaint Paragraph XI)

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

## Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1.   That there was a misrepresentation (or omission) of a fact;
2.   That the misrepresentation (or omission) was material or significant;
3.   That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4.   That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5.   That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit one of the Sparkses' theories of recovery against Nulta.

Of course, the truth of the Sparkes' allegations; the circumstances in which the events in question transpired; the question what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  Likewise, the standard of care that applies to Defendant Nulta and the question whether Nulta acted in conformity with that standard of care must be made upon a more fully-developed record.  At this juncture, however, the Sparkses' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

State Farm contends that any claim the plaintiffs may have had against Nulta for making the alleged misrepresentations concerning coverage are now time barred.  In support of this argument, State Farm cites two cases: *Howard v. Citifinancial*, 195 F.Supp.2d 811 (S.D.Miss.2002); and *Stephens v. Equitable Life Soc. of the U.S.*, 850 So.2d 78 (Miss.2003).  These two cases deal with the sale of insurance based on allegedly fraudulent misrepresentations.  The courts that considered these cases held that the period of limitations applicable to actions for fraudulent inducing the plaintiffs to purchase insurance policies started to run on the date the policies were sold.  That is the date the tort was complete.  Here, plaintiffs are working under a fundamentally different theory of recovery.  Plaintiffs are not seeking to have their insurance contract rescinded for fraud.  Plaintiffs are seeking a tort remedy for negligent or intentional misrepresentations.  As I appreciate the allegations of the complaint, the plaintiffs assert that they suffered damage in Hurricane Katrina because the damage attributable to flooding, a type of loss they were led to believe would be covered under their State Farm policy, was not covered.  Under this theory of recovery, the period of limitations would not commence until the plaintiffs sustained their loss or until the time the plaintiffs could have discovered the alleged misrepresentation by the exercise of ordinary care.  This is an issue on which the defendants may ultimately prevail, but this is a question of state law to which the plaintiffs, at this juncture, are entitled to the benefit of the doubt.

Without venturing any opinion on the merits of the Sparkses' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Nulta and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which he may proceed against Nulta under their version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge